## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **GERALD DANIEL BEAUMONT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:07-CV-640-Y** |
| | § | |
| **REBECCA TAMEZ, Warden,** | § | |
| **FCI-Fort Worth,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Gerald Daniel Beaumont, Reg. No. 07336-035, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth. No service has been issued upon Respondent.

## C. Procedural History

Beaumont is serving a 400-month term of imprisonment for his 1991 criminal conviction for conspiracy to manufacture methamphetamine in the United States District Court for the Eastern District of Texas, Beaumont Division. (Appendix to Petition, Exh.1.) *See also* CM/ECF, Criminal Docket for Case # 1:90-CR-053-HC-ESH-2. Beaumont sought postconviction relief via direct appeal and 28 U.S.C. §§ 2241 and 2255 in the convicting court to no avail. *Id.*; CM/ECF, Civil Docket for Case #1:00-CV-642, entries for October 24, 2000 & September 2001 (2241); CM/ECF, Civil Docket for Case # 1:97-CV-587-HC, entry for January 30, 1998 (2255). Beaumont also sought postconviction relief via a prior § 2241, raising a *Booker v. Washington* claim, in this court, which was dismissed on February 9, 2005. *See* CM/ECF, Civil Docket for Case # 4:05-CV-052-A, entries for February 9, 2005. Beaumont filed this petition on October 19, 2007.[1]

## D. Discussion

Beaumont asks this court to void his conviction by arguing that the Beaumont court lacked subject matter jurisdiction to prosecute him for the crime of which he was convicted in 1991 because Titles 18 and 21 of the United States Code were not legally passed into law. He claims that because H.R. 3190, or Public Law 80-772, was never voted into law by the full Senate, he was convicted under a nonexistent law. (Petition at 2-3.) He also argues that essential elements of the offense were not alleged in the indictment and he is actually innocent of the offense. (*Id.* at 3-4.)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary

---

[1]A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Beaumont does not indicate in the petition the date he placed the petition and supporting documents in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of October 19, 2007. Thus, for purposes of this proceeding, Beaumont's petition is deemed filed on October 19, 2007.

means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Beaumont has neither alleged nor demonstrated that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense or that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, and § 2255 motion. Having had adequate and effective opportunities to assert the instant claim earlier, and having failed to do so, Beaumont may not proceed to do so under this court's § 2241 jurisdiction. *See also Benavidez v. Tamez*, Civil Action No. 4:07-CV-424-Y, slip copy, 2007 WL 2491854 (N.D. Tex. Sep. 5, 2007) (raising similar claim); (*Millican v. Stine*, Civil Action No. 07-CV-129-KKC, slip copy, 2007 WL 1193534 (E.D. Ky., Apr. 23, 2007.) (same); *Pickle v. Stine*, 6:07-CV-119-DCR, slip copy, 2007 WL 1173028 (E.D. Ky., Apr. 19, 2007) (same).

Beaumont has not made the showing required to invoke the savings clause of § 2255 as to

the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that Beaumont's petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 15, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 15, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 25, 2007.


        /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE